UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KIMBERLY STEINMETZ,

    Plaintiff,

    v.                                      Case No.:

ARCADIA ICR, LLC,
CURTIS BOLTON and
ERIC T. ALFORD,

    Defendants.
_____

## **NOTICE OF REMOVAL**

Defendants, ARCADIA ICR, LLC, CURTIS BOLTON, and ERIC T. ALFORD, pursuant to N.D. Fla. Loc. R. 7.2 and 28 U.S.C. §§ 1331, 3167, 1441, and 1446, hereby file this Notice of Removal of the above-captioned matter from the Circuit Court of the First Judicial Circuit in and for Escambia County, Florida to the Pensacola Division of the United States District Court for the Northern District of Florida. As grounds therefore, Defendants show the Court as follows:

1. **State court Action**

   Plaintiff initiated an action that is still pending in the Circuit Court of the First Judicial Circuit for Escambia County, Florida, styled *Kimberly Steinmetz v. Arcadia ICR, LLC, Curtis Bolton and Eric T. Alford,* and designated as Case No. 2018 CA 1803. Plaintiff filed her action on November 15, 2018. *See* Complaint, a copy of which is being filed simultaneously herewith.

2. **Defendant's Receipt of Complaint**

   A copy of the Plaintiff's Complaint in this action was received by Defendants Arcadia ICR, LLC and Curtis Bolton, along with the summons, on December 7, 2018.

3. **Nature of Action**

   Plaintiff's claim purports to arise under Fair Labor Standards Act (FLSA), as amended, 29 U.S.C. § 201 *et seq*. In her Complaint, Plaintiff alleges Defendants have failed to comply with the requirements of the Fair Labor Standards Act.

4. **Removal of State Court Action**

   Under U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may

be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

Specifically, this action is removable under 28 U.S.C. § 1441(a), because the district court would have original jurisdiction under 28 U.S.C. § 1331 (i.e., federal question).

**5. Federal Question and Supplemental Jurisdiction**

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . ." Furthermore, under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Because this Court has original jurisdiction over claims made pursuant to federal laws, which appears on the face of the Complaint, this action should be removed to the federal court pursuant to 28 U.S.C. 1441(a). *Ayes v. H & R of Belle Glade, Inc.*, No. 08-21038-CIV, 2008 WL 1840714, 4, (S.D.Fla. 2008). "Any civil case filed in state court may be removed to federal court by the defendant if the case could have been brought originally in federal court." *Deel v. Metromedia Restaurant Services, Inc.,* 2006 WL 481667, 2 (N.D.Fla. 2006).

Because Plaintiff's Complaint clearly raises a federal question, this cause may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(a) and 42 U.S.C. § 2000e-5(f)(3) without regard to the citizenship of the parties. *See*, 28 U.S.C. § 1441(b); *see also,* 42 U.S.C. § 2000e-5(f)(3) (providing that "[e]ach United States district court... shall have jurisdiction of actions brought under this subchapter"). *See e.g., Eatmon v. Bristol Steel & Iron Works, Inc.,* 769 F.2d 1503, 1508 (11th Cir. 1985) (finding the district court had jurisdiction over Title VII claims based on the express language of the statute and based on federal questions); *Stockett v. Tolin*, 791 F.Supp. 1536, 1555 (S.D.Fla. 1992) (holding that the district court had both federal question jurisdiction over plaintiff's claims under Title VII and pendent jurisdiction over plaintiff's state tort claims").

## 7. Venue

The Pensacola Division of the United States District Court for the Northern District of Florida is the judicial district encompassing the geographical location of the area in which the purported cause of action arose and in which the state court case is pending, and therefore is the proper district court to which this case should be removed. *See* 28 U.S.C. §§ 89(c), 1441(a) & 1446(a). *See* Complaint attached as Exhibit "2".

**8. Timeliness of Notice of Removal**

Pursuant to 28 U.S.C. § 1446(b), this removal is timely because 30 days have not elapsed since "receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

**9. State Court Pleadings**

Pursuant to 28 U.S.C. § 1446(a), with this Notice of Removal the Defendants are simultaneously filing copies of all process, pleadings, and orders existing on file in the State court in this removed action, including the Summons, attached as Exhibit "1"; the Complaint, attached as Exhibit "2"; and Notice of Stipulated Extension of Time to File Response to Complaint, attached as Exhibit "3".

**9. Notice to State Court and Plaintiff**

Simultaneously with filing this Notice of Removal, Defendants are providing written notice to all adverse parties and are filing a copy of this Notice of Removal with the Clerk of the Circuit Court of the Second Judicial Circuit in and for Escambia County, Florida.

RESPECTFULLY SUBMITTED this 7th day of January, 2019.

**COLE, SCOTT & KISSANE, P.A.**

/s/ *Jason B. Onacki*
**Jason B. Onacki, Esq.**
Florida Bar No.: 698016
715 South Palafox Street
Pensacola, Florida  32502
Telephone: (850) 483-5900
Email: Jason.Onacki@csklegal.com
Email: Erin.Murphy@csklegal.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

**COLE, SCOTT & KISSANE, P.A.**

/s/ *Jason B. Onacki*
**Jason B. Onacki, Esq.**
Florida Bar No.: 698016
715 South Palafox Street
Pensacola, Florida  32502
Telephone: (850) 483-5900
Email: Jason.Onacki@csklegal.com
Email: Erin.Murphy@csklegal.com
*Attorneys for Defendants*

## SERVICE LIST

Jeremiah J. Talbott, Esq.
LAW OFFICE OF JEREMIAH J. TALBOTT, P.A.
jjtalbott@talbottlawfirm.com
civilfilings@talbottlawfirm.com
*Counsel for Plaintiff*